UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DASMINE BELL,

    Plaintiff,

v.                                                      Case No: 8:14-cv-2742-T-30EAJ

MCDONALD'S USA, LLC and
MCDONALD'S RESTAURANTS OF
FLORIDA, INC.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Class Certification (Dkt. 5). Upon consideration, the Court denies the motion to certify class as premature.

On October 30, 2014, Plaintiff filed a Class Action Complaint alleging violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that Defendants violated the FCRA with respect to Plaintiff and putative class members through their use of undisclosed consumer report information including procuring consumer reports without making proper disclosures, and obtaining consumer reports without proper authorization. Plaintiff seeks to recover for himself and for a class of persons similarly situated statutory damages, costs and attorney's fees, equitable relief, and other appropriate relief pursuant to the FCRA.

On October 30, 2014, prior to Defendant filing a response to the complaint, Plaintiff filed a motion to certify class. The motion states that it was filed "at this early juncture"

to avoid Plaintiff "being 'picked off' through a Rule 68 offer of judgment or individual settlement offer" pursuant to *Genesis HealthCare Corp. v. Symczyk*, -- U.S. --, 133 S. Ct. 1523, 1529, 185 L. Ed. 2d 636 (2013).  In *Genesis*, the Supreme Court "assume[d], without deciding" that a petitioners' Rule 68 offer mooted a respondent's individual claim. *Id.*

Plaintiff's motion for class certification is premature.  It was filed prior to a response from Defendant and prior to the commencement of discovery.  Plaintiff's citation to *Genesis* to justify her strategy in filing the motion at this early juncture is unpersuasive. In *Genesis* the Supreme Court explicitly stated "we do not resolve the question whether a Rule 68 offer that fully satisfies the plaintiff's claims is sufficient by itself to moot the action". *Genesis*, 133 S. Ct. at 1529, n. 4.  The Supreme Court also noted that while "Courts of Appeals on both sides of that issue have recognized that a plaintiff's claim may be satisfied even without the plaintiff's consent", there are other courts that "maintain that an unaccepted offer of complete relief alone is sufficient to moot the individual's claim." *Id.*  It is doubtful that the Eleventh Circuit would adopt the former approach.  *See Church v. Accretive Health, Inc.*, 2014 WL 1623787, at *1-*2 (S.D. Ala. April 24, 2014) (discussing same).  Further, as set forth by the court in *Accretive Health*,

> As the foregoing discussion demonstrates, there is precious little reason to believe that the two-step dance Church proposes here (file a generic Rule 23 Motion at the outset of the case, then stay it for many months until class discovery concludes and comprehensive briefs are prepared) is grounded in any justifiable fear that the entire class action may be ripped away from her absent such a preventive measure. The premise that a Rule 68 offer of judgment moots a class action in the absence of a prior Rule 23 motion is a decidedly minority view. The Eleventh Circuit has not accepted it. Plaintiff offers no indication that the Eleventh Circuit would ever be inclined to adopt it, as indeed most other federal

> courts have not. Even district courts in the Seventh Circuit (which propounded that minority review) appear to allow the continued safety hatch of a two-week window after an offer of judgment is made for the plaintiff to file a class certification motion. There is no evidence and no reason to believe that Accretive will engage in such a frowned-upon "picking off" strategy here. And the underlying principle that any offer of judgment for complete relief would moot Church's claims even if she did not accept it has recently faced a withering attack from four U.S. Supreme Court Justices, with no rebuttal from the others. For all of these reasons, the Court concludes that Church's "placeholder" Motion for Class Certification is highly unlikely to confer any meaningful benefit or protection on plaintiff.

*Id.* at *2-*3.

Moreover, Plaintiff's strategy comes with a cost. It burdens the Court with an obviously premature motion that is devoid of content and the motion remains on the Court's docket as pending, which is reflected on the Court's reports for an unspecified period of time. *See id.* at *3 ("Plaintiff's straight-out-of-the-chute Rule 23 Motion is highly unlikely to advance her cause one iota, but is virtually certain to impose administrative costs, unnecessary distractions, and an unhelpful drag on efficiency and judicial economy.").

For these reasons, it is therefore **ORDERED AND ADJUDGED** that Plaintiff's Motion for Class Certification (Dkt. 5) is denied without prejudice as premature.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of November, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

3